CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2010

JOHN F. CORCORAN, CLERK
BY: /s/ L. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| DAVID HEATH HYATT, <br> LEIGH ANN ALTIZER, <br> KENNETH E. AKERS, <br> STEPHEN C. BRALLEY, <br> JOHN D. CLAYPOOL, <br> JOEL P. CRIGGER, <br> MISTY E. DALTON, <br> GARY W. DAVENPORT, <br> JOHN S. HUMPHREY, <br> JEFFERY M. HALL, SR., <br> DARREN W. UMBERGER, <br> DAVID L. WALL, <br> EDWIN R. WILLIAMS, <br> THOMAS W. WHISMAN, <br> BRADLEY E. BOGGS, <br> CHASTITY M. RUSSELL, <br> LONNIE C. ANDERS, <br> BRANDON G. SMITH, <br> SAMUEL C. IRVIN, <br> JAMES D. HARRINGTON, <br> CHAD E. EVERSOLE, <br> CHARLES T. LESTER, <br> KATHY G. ANDERSON, <br> JOHN W. EASTWOOD, <br> JAMES R. MATTHEWS, <br> DAVID W. MORRIS, <br> individually and on behalf of all <br> others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE TOWN OF WYTHEVILLE, <br><br><br> Defendant. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.: 7:10-CV-00278 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs David Heath Hyatt, Leigh Ann Altizer, Kenneth E. Akers, Stephen C. Bralley, John D. Claypool, Joel P. Crigger, Misty E. Dalton, Gary W. Davenport, John S. Humphrey, Jeffery M. Hall, Sr., Darren W. Umberger, David W. Wall, Edwin R. Williams, Thomas W. Whisman, Bradley E. Boggs, Chastity M. Russell, Lonnie C. Anders, Brandon G. Smith, Samuel C. Irvin, James D. Harrington, Chad E. Eversole and Charles D. Lester (hereinafter collectively, "Police Officers"), individually, and on behalf of all others similarly situated, and Plaintiffs Kathy G. Anderson, John W. Eastwood, James R. Matthews and David W. Morris (hereinafter collectively, "Firefighters"), individually, and on behalf of all others similarly situated, seek to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and hereby state and allege as follows:

## PARTIES

1. Police Officers and Firefighters (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, bring this action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, jointly and severally, against the Town of Wytheville and each of its respective divisions, subsidiaries and affiliates, however constituted, including, but not limited to, any employer of the Plaintiffs, all doing a portion of their business in Virginia. The Town of Wytheville and each of its respective divisions, subsidiaries and affiliates are referred to herein collectively as "Town of Wytheville" or "Defendant" as more fully alleged in paragraph 37.

2. Plaintiff Hyatt currently resides in Wytheville in the Commonwealth of Virginia.

3. Plaintiff Altizer resides in Crockett in the Commonwealth of Virginia.

4. Plaintiff Akers resides in Wytheville in the Commonwealth of Virginia.

5. Plaintiff Bralley resides in Rural Retreat in the Commonwealth of Virginia.

6. Plaintiff Claypool resides in Wytheville in the Commonwealth of Virginia.

7. Plaintiff Crigger resides in Rural Retreat in the Commonwealth of Virginia.

8. Plaintiff Dalton resides in Pulaski County in the Commonwealth of Virginia.

9. Plaintiff Davenport resides in Rural Retreat in the Commonwealth of Virginia.

10. Plaintiff Humphrey resides in Max Meadows in the Commonwealth of Virginia.

11. Plaintiff Hall resides in Wytheville in the Commonwealth of Virginia.

12. Plaintiff Umberger resides in Wytheville in the Commonwealth of Virginia.

13. Plaintiff Wall resides in Dublin in the Commonwealth of Virginia.

14. Plaintiff Williams resides in Wytheville in the Commonwealth of Virginia.

15. Plaintiff Whisman resides in Max Meadows in the Commonwealth of Virginia.

16. Plaintiff Boggs resides in Myrtle Beach in South Carolina.

17. Plaintiff Russell resides in Wytheville in the Commonwealth of Virginia.

18. Plaintiff Anders resides in Galax in the Commonwealth of Virginia.

19. Plaintiff Smith resides in Woodlawn in the Commonwealth of Virginia.

20. Plaintiff Irwin resides in Rural Retreat in the Commonwealth of Virginia.

21. Plaintiff Harrington resides in Wytheville in the Commonwealth of Virginia.

22. Plaintiff Eversole resides in Wytheville in the Commonwealth of Virginia.

23. Plaintiff Lester resides in Max Meadows in the Commonwealth of Virginia.

24. Plaintiff Anderson currently resides in Wytheville in the Commonwealth of Virginia.

25. Plaintiff Eastwood resides in Wytheville in the Commonwealth of Virginia.

26. Plaintiff Matthews resides in Wytheville in the Commonwealth of Virginia.

27. Plaintiff Morris resides in Max Meadows in the Commonwealth of Virginia

28. Plaintiff Hyatt was employed by the Defendant as a K9 Patrolman from on or around December 17, 2003, to May 28, 2010, at Defendant's location at 185 West Spring Street, Wytheville, Virginia.

29. Plaintiff Williams was employed by the Defendant as an investigator from on or around January 16, 1990, to October 16, 2009, at the Defendant's location at 185 West Spring Street, Wytheville, Virginia.

30. Plaintiff Boggs was employed by the Defendant as a patrolman from on or about July 30, 2003, to March 24, 2010, at the Defendant's location at 185 West Spring Street, Wytheville, Virginia.

31. The additional persons who are Police Officers in this action are or have been, at all times material herein, employed by the Defendant as patrolmen and women, K9 patrolmen and women, police investigators and officers.

32. Plaintiff Anderson is currently employed by the Defendant as a Fire Engineer, at Defendant's location at 185 West Spring Street, Wytheville, Virginia.

33. Plaintiff Eastwood is currently employed by the Defendant as a Fire Marshall at the Defendant's location at 185 West Spring Street, Wytheville, Virginia.

34 Plaintiff Matthews is currently employed by the Defendant as a Fire Engineer at the Defendant's location at 185 West Spring Street, Wytheville, Virginia.

35. Plaintiff Morris is currently employed by the Defendant as a Fire Engineer at the Defendant's location at 185 West Spring Street, Wytheville, Virginia.

36. Any additional persons who are Firefighters in this action are or have been, at all times material herein, employed by the Defendant as fire engineers, firefighters and fire marshals.

37. Regardless of all of the names used by the companies, partnerships, joint ventures, corporations, or other entities the Town of Wytheville may use to do business, if Plaintiffs have failed to name the correct legal entities, as the true names and capacities of the entities may be unknown to Plaintiffs at this time, Plaintiffs reserve the right to amend this Complaint when and if the true names of Defendant become known such that they can be correctly named.

## FLSA VIOLATIONS AGAINST POLICE OFFICERS

38. At all times material herein, Police Officers have been entitled to the rights, protections and benefits under the FLSA, 29 U.S.C. § 201, *et seq.*

39. The Defendant has violated the FLSA by failing and refusing to compensate the Police Officers for each hour they worked up to 40 hours per workweek at their regular rates of pay and for their hours of work in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which the Police Offers are paid.

40. Under 29 U.S.C. § 207(k), an employer must pay overtime compensation to employees engaged in law enforcement activities at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 43 hours in a 7 day work period or in excess of 171 hours in a maximum 28-day work period; however Defendant contracted with the Police Officers upon their hire to pay the Police Officers premium overtime compensation for all hours worked in excess of 168 hours in a 28-day work period.

41. During the applicable statutory time periods, the Police Officers have worked in excess of the statutory maximum number of hours proved for in section 7(a)(1) of the FLSA without receiving compensation for those excess hours at a rate of one and one half-times the regular rate at which the Police Officers are or were compensated. These excess hours include compensable hours actually spent on work sites and during call back status as well as compensable hours spent on-call when the Police Officers were engaged by the Defendant and prevented from effectively using the time for their own purposes. In addition, these excess hours include time spent caring for assigned police equipment and police dogs, donning and doffing police uniforms, developing or maintaining skills necessary for the effective discharge of their deployment duties, and working before their shifts began and after their shifts ended.

42. Further, Police Officers were routinely not compensated at their regular rate of pay for hours worked between one hundred and sixty hours (160) and one hundred and sixty eight hours (168) in each twenty-eight (28) day work period.

## FLSA VIOLATIONS AGAINST FIREFIGHTERS

43. At all times material herein, Firefighters have been entitled to the rights, protections and benefits under the FLSA, 29 U.S.C. § 201, *et seq.*

44. The FLSA provides that all employees shall be paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for the hours of overtime they worked. The Defendant has violated the FLSA by failing and refusing to compensate the Firefighters for their hours of work in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which the Plaintiffs are employed.

45. In the event it may be determined that the Firefighters were employees covered under the limited overtime exception set forth in 29 U.S.C. § 207(K), and were employed in

"fire protection activities," and only in that event, an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7 day work period or in excess of 212 hours in a maximum 28 day work period; however, Defendant contracted with the Firefighters upon their hire to pay the Firefighters premium overtime compensation for all hours worked in excess of 188 hours in a 28-day work period.

46.  During the applicable statutory time periods, the Firefighters have worked in excess of the statutory maximum number of hours proved for in section 7(a)(1) of the FLSA without receiving compensation for those excess hours at a rate of one and one half-times the regular rate at which the Firefighters are or were compensated.  These excess hours include compensable hours actually spent on work sites and during call back status as well as compensable hours spent on-call when Firefighters were engaged by the Defendant and prevented from effectively using the time for their own purposes.  In addition, these excess hours include time spent caring for assigned fire equipment and machinery, donning and doffing of fire uniforms and gear, developing or maintaining skills necessary for the effective discharge of their deployment duties and working before their shifts began and after their shifts ended.

47.  Further, Firefighters were not regularly compensated for time worked between one hundred and eighty hours (180) and one hundred and eighty-eight hours (188) in each twenty-eight (28) day work period.

## FLSA VIOLATIONS COMMON AMONGST ALL PLAINTIFFS

48.  This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and specifically the collective action provision of the FLSA found at § 216(b), for equitable and

7

injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived the named Plaintiffs as well as others similarly of their lawful wages.

49. The material time for the claims under the FLSA in this case is the three-year period prior to the date of Plaintiffs' Complaint and the period of additional time, if any, that Plaintiffs' claims are tolled or extended by agreement of Defendant by equity or by operation of law.

50. At all times material to this action, the Town of Wytheville is a public agency which is engaged in commerce or in the production of goods for commerce as defined by § 203(e)(2) and § 203(s)(1) of the FLSA.

51. At all times relevant to this action, the Town of Wytheville was an "employer" of the named Plaintiffs and any similarly situated employees as defined by § 203(d) of the FLSA.

52. At all times material to this action, the Plaintiffs are and/or were "employee[s]" of Defendant as defined by §§ 203(e)(1) & (2) of the FLSA, and worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

53. The services performed by Plaintiffs and any similarly situated employees were a necessary and integral part of and directly essential to Defendant's business, commerce and public safety.

54. Plaintiffs and other similarly situated employees regularly worked overtime hours without receiving lawful overtime pay.

55. Plaintiffs and other similarly situated employees regularly worked eight (8) hours per work period without receiving compensation at their regular rate of pay pursuant to the work period and hours agreed upon by the Plaintiffs and the Defendant.

56. Defendant intentionally failed and/or refused to pay the Plaintiffs for eight hours per work period of regular time and lawful overtime premium pay according to the provisions of the FLSA.

57. Defendant failed to properly compensate Plaintiffs for compensatory time earned per work period. When compensatory time was offered, Plaintiffs received compensatory time from the Defendant at their regular rate of pay, not at one-and-one-half times their regular rate of pay pursuant to the FLSA. Defendant also intentionally failed to allow plaintiffs to accrue compensable time.

58. The systems, practices and duties of the named Plaintiffs have existed for at least three years throughout the Defendant's business.

## FURTHER JURISDICTIONAL ALLEGATIONS

59. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

60. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331-37 and 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant is an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

## DAMAGES, LIQUIDATED DAMAGES, AND OTHER RELIEF

61. Plaintiffs, individually and on behalf of all other similarly situated employees, have retained legal counsel to represent them, and Plaintiffs have incurred, and will continue to incur, attorney's fees, litigation expenses and costs, which are sought as a proper part of the relief in this action.

62. Plaintiffs seek to recover relief from Defendant that includes, but is not limited to, overtime compensation, regular compensation not received for hours worked, liquidated damages, prejudgment and postjudgment interest, and the reasonable attorney's fees, litigation expenses and costs under the provisions of the FLSA which a jury may award.

### **RECOVERY OF OVERTIME COMPENSATION**

63. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendant and are readily identifiable and locatable through Defendant's records. Specifically, any and all former police and firefighter employees of Defendants who have worked overtime and have not been compensated for the same, and/or who have earned compensatory time and have not been compensated for the same properly, and/or who have worked hours for which they were not fully compensated would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

64. Defendant has further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

65. As a result of the Defendant's violations of the FLSA, the named Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive nonexempt compensation in accordance with § 207 of the FLSA.

66. In addition to the amount of unpaid wages, overtime wages and benefits owing to the Plaintiffs and all others similarly situated, Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

67. Defendant's actions in failing to properly compensate the Plaintiffs as well as other similarly situated employees and former employees in violation of the FLSA were willful in that the Defendant was aware of its agreement to pay Police Officers for all regular hours worked up to 168 per pay period and Firefighters for all regular hours worked up to 188 per pay period but failed to so. Further, Defendant was aware of the non-exempt status of Plaintiffs and failed to properly compensate Plaintiffs for all overtime hours worked.

68. Defendant has not made a good faith effort to comply with the FLSA.

69. The Plaintiffs, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

**WHEREFORE** the Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

a. That at the earliest possible time they be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees in all locations within the United States during the three years immediately preceding the filing of their suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, of the nature of the action, and of their right to opt-into this lawsuit if they worked overtime and were not compensated for the same, and/or who earned compensatory time and were not properly compensated for the same, and/or who worked hours for which they were not fully compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified pursuant to 29 U.S.C. § 216(b);

b. That the Plaintiffs be awarded damages in the amount of their respective unpaid regular and overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

c. That Plaintiffs be awarded their reasonable attorney's fees, including the costs and expenses of this action; and

d. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Virginia and Federal law.

Dated: June 21, 2010

Respectfully submitted,

Joanna L. Suyes (VSB#74226)
J. Allen Schreiber (VSB#79397)
Marks & Harrison, P. C.
1500 Forest Ave. Suite 100
Richmond, VA 23229
804-282-0999 (phone)
804-288-1330 (fax)
jsuyes@marksandharrison.com
aschreiber@marksandharrison.com